**Thomas GRAVES, Petitioner,**

v.

**J. D. COX, Superintendent, Virginia State Penitentiary, Respondent.**

**Civ. A. No. 70–C–63–A.**

United States District Court,
W. D. Virginia,
Abingdon Division.

Sept. 1, 1970.

Vann H. Lefcoe, Asst. Atty. Gen., Richmond, Va., for respondent.

## DISMISSAL

DALTON, Chief Judge.

This case comes before the court on a petition for a writ of habeas corpus filed *in forma pauperis* by Thomas Graves, a state prisoner, pursuant to 28 U.S.C. § 2241. The petition was filed with this court on June 3, 1970.

Petitioner is being detained pursuant to a judgment of the Court of Law and Chancery of the City of Hampton, imposed on September 3, 1968, wherein he was sentenced to a term of fifteen years for second degree murder. Petitioner, represented by counsel, entered a plea of not guilty and elected to be tried by a judge without a jury.

No appeal was taken from the conviction. On May 28, 1969, petitioner filed a petition for a writ of habeas corpus in the Court of Law and Chancery of the City of Hampton. This petition stated only broad general allegations and averred no factual basis for such claims. On September 12, 1969, that petition was dismissed for failure to allege facts in compliance with Va. Code Ann. § 8–596 (b) (2). This dismissal was affirmed on April 28, 1970 by the Virginia Supreme Court of Appeals.

It is apparent that the dismissal of the state petition was not on the merits. Petitioner has available state habeas corpus remedies on his claims if he presents them properly. The claims in the present petition are not identical to those raised in the state petition and do contain facts upon which the state courts would act. Because petitioner has not raised these present factual claims in the state courts, available state remedies have not been exhausted in compliance with 28 U.S.C. § 2254.

Further petitioner complains that he was not granted a plenary hearing in the state courts. His petition was not sufficient under state law to justify a hearing.

For the foregoing reasons, it is ADJUDGED and ORDERED that the petition for a writ of habeas corpus be dismissed. This dismissal is without prejudice to the refiling of the petition after exhaustion of state remedies.

If the petitioner wishes to appeal this dismissal, he may do so by filing with the clerk of *this* court a notice of appeal. Failure to file the notice of appeal within

30 days may result in a denial of the right to appeal. The notice shall state the following:

1. The party or parties taking the appeal;
2. The judgment, order or part thereof appealed from; and
3. The court (United States Court of Appeals for the Fourth Circuit) to which the appeal is taken.